JUDGE BUCHWALD

11 CV 2072

KRASELNIK & LEE, PLLC
Robert L. Kraselnik (RK 0684)
C.K. Lee (CL 4086)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff,*
*all others similarly situated and the*
*Proposed New York Rule 23 Class*

RECEIVED
MAR 25 2011
U.S.D.C. S.D. N.Y.
CASHIERS

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x

K. AE HAN, a.k.a. "KIOKI," on behalf of
herself and all others similar situated, and the
Proposed New York Rule 23 Class,

        Plaintiff,

    - vs. -

JAY-JAY CABARET, INC., AAM
HOLDING CORP., 59 MURRAY
ENTERPRISES, INC., MARSHA LIPSITZ,
ALLISON THALER, LYNN LEPOFSKY,
ANITA MICELI, and BARRY LIPSITZ,

        Defendants,

------------------------------------------------------------x

Case No.

**CLASS ACTION**
**COLLECTIVE ACTION**
**COMPLAINT**

        Plaintiff, K. AE HAN, a.k.a. "KIOKI," ("Plaintiff"), on behalf of herself and all

others similarly situated, and on behalf of the members of the proposed New York Rule 23 Class,

upon personal knowledge as to herself and upon information and belief as to other matters, by

and through her attorneys, for her Complaint against JAY-JAY CABARET, INC., AAM

HOLDING CORP., 59 MURRAY ENTERPRISES, INC., MARSHA LIPSITZ, ALLISON

THALER, LYNN LEPOFSKY, ANITA MICELI, and BARRY LIPSITZ (collectively,

"Defendants"), alleges as follows:

## PRELIMINARY STATEMENT

1.       Defendants operate adult nightclubs in New York City doing business as Flashdancers, Private Eyes and New York Dolls.  Defendants willfully refused to pay the minimum wage to employees, unlawfully requested and received wages from employees, unlawfully retained a part of gratuities or charges purported to be gratuities and unlawfully deducted employee wages through fines and penalties for lateness and misconduct. Such actions have been taken with respect to Plaintiff, K. AE HAN, and those similarly situated and members of the New York Rule 23 Class. Defendants operate Flashdancers, Private Eyes and New York Dolls as a common unified enterprise.

2.       Plaintiff, K. AE HAN, on behalf of herself and other similarly situated current and former entertainers of Defendants  brings this collective action against Defendants  under the Fair Labor Standards Act, 29 U.S.C. § 201, *et. seq* ("FLSA") for failure to pay a minimum wage.

3.       Plaintiff, K. AE HAN, as Class Representative ("Class Representative") brings this New York Rule 23 Class Action on behalf of herself and all members of the proposed New York Rule 23 Class against Defendants  pursuant to Rule 23 of the Federal Rules of Civil Procedure, to remedy violations of New York state law, including but not limited to New York Labor Laws § 190, *et. seq.* and § 650, *et. seq.,* and the supporting New York State Department of Labor Regulations, N.Y. Comp. Codes R. & Regs. tit. 12, § 137-1.1., *et seq.*

4.       Defendants have willfully engaged in a pattern, policy, and practice of unlawful conduct for the actions alleged in this Complaint, in violation of the federal and state rights of the Plaintiff, similarly situated individuals, and members of the proposed New York Rule 23 Class.

## THE PARTIES

### PLAINTIFF

5.       Plaintiff, K. AE HAN, is an adult individual who is a resident of New Jersey.

6.      Plaintiff, K. AE HAN, has consented in writing to be a party to the FLSA claims in this action pursuant to 29 U.S.C. § 216(b).

7.      Plaintiff, K. AE HAN, worked as an entertainer under the stage name "KIOKI" at JAY-JAY CABARET, INC.(doing business as "Flashdancers," with a principal place of business at 1674 Broadway, New York, NY 10019), AAM HOLDING CORP.(doing business as "Private Eyes," with a principal place of business at 320 West 45th Street, New York, NY 10036), and 59 MURRAY ENTERPRISES, INC. (doing business as "New York Dolls," with a principal place of business at 59 Murray Street, New York, NY 10007). Her employment with Defendants began approximately in October 2010. As of the date of this Complaint, she is still employed by Defendants.

8.      As detailed below, Plaintiff, K. AE HAN, and others similarly situated are current and former employees of Defendants within the meaning of the FLSA, 29 U.S.C. § 203 (e)(1).

9.      As detailed below, Plaintiff, K. AE HAN, and members of the New York Rule 23 Class are current and former employees of Defendants within the meaning of N.Y. Lab. Laws §§ 651(5) and 190.

**PROPOSED COLLECTIVE AND CLASS DEFINITIONS**

10.     The "New York Rule 23 Class" is defined as: "all persons who worked at JAY-JAY CABARET, INC., AAM HOLDING CORP., and 59 MURRAY ENTERPRISES, INC. or were employed as 'entertainers' by Defendants JAY-JAY CABARET, INC., AAM HOLDING CORP., 59 MURRAY ENTERPRISES, INC., MARSHA LIPSITZ, ALLISON THALER, LYNN LEPOFSKY, ANITA MICELI, and BARRY LIPSITZ at any time six years prior to the filing of this Complaint to the entry of judgment in the case."

11.     The "FLSA Collective" is defined as "all persons who worked as 'entertainers' at any adult entertainment nightclub owned by Defendants JAY-JAY CABARET, INC., AAM HOLDING CORP., 59 MURRAY ENTERPRISES, INC., MARSHA LIPSITZ, ALLISON THALER, LYNN LEPOFSKY, ANITA MICELI, and BARRY LIPSITZ or a subsidiary of Defendants JAY-JAY CABARET, INC., AAM HOLDING CORP., and 59 MURRAY ENTERPRISES, INC. at any time three years prior to the filing of this Complaint to the entry of judgment in this case."

**DEFENDANTS**

12.     Defendant, JAY-JAY CABARET, INC., is a domestic corporation of New York with a principal place of business located at an office at 1674 BROADWAY, NEW YORK, NY 10019, and a principal executive office at 255 East 22nd Street, New York, NY 10010.

13.     Defendant, AAM HOLDING CORP., is a domestic corporation of New York, and maintains its principal place of business and principal executive office at 320 West 45th Street, New York, NY 10036.

14.     Defendant, 59 MURRAY ENTERPRISES, INC., is a domestic corporation of New York, and maintains its principal place of business and principal executive office at 59 Murray Street, New York, NY 10007.

15.     Upon information and belief, each of Defendants, MARSHA LIPSITZ and ALLISON THALER is a principal of JAY-JAY CABARET, INC. Each of MARSHA LIPSITZ and ALLISON THALER is an "employer" as defined under the FLSA and New York Labor Law who has the right to fire/hire employees, set employee schedules and the authority to affect the quality of employees' employment.

16.     Upon information and belief, Defendant, LYNN LEPOFSKY, is the Chairman or Chief Executive Officer of JAY-JAY CABARET, INC. LYNN LEPOFSKY is an "employer"

4

as defined under the FLSA and New York Labor Law who has the right to fire/hire employees, set employee schedules and the authority to affect the quality of employees' employment.

17.     Upon information and belief, Defendant, MARSHA LIPSITZ, is a principal of AAM HOLDING CORP. MARSHA LIPSITZ is an "employer" as defined under the FLSA and New York Labor Law who has the right to fire/hire employees, set employee schedules and the authority to affect the quality of employees' employment.

18.     Upon information and belief, Defendant, ANITA MICELI, is the Chairman or Chief Executive Officer of AAM HOLDING CORP. ANITA MICELI is an "employer" as defined under the FLSA and New York Labor Law who has the right to fire/hire employees, set employee schedules and the authority to affect the quality of employees' employment.

19.     Upon information and belief, Defendant, BARRY LIPSITZ, is a principal and the Chairman or Chief Executive Officer of 59 MURRAY ENTERPRISES, INC. BARRY LIPSITZ is an "employer" as defined under the FLSA and New York Labor Law who has the right to fire/hire employees, set employee schedules and the authority to affect the quality of employees' employment.

20.     MARSHA LIPSITZ, ALLISON THALER, LYNN LEPOFSKY, ANITA MICELI, and BARRY LIPSITZ jointly own and operate JAY-JAY CABARET, INC., AAM HOLDING CORP., and 59 MURRAY ENTERPRISES, INC.

21.     JAY-JAY CABARET, INC., AAM HOLDING CORP., and 59 MURRAY ENTERPRISES, INC. collectively operate as a joint and common enterprise.

22.     As detailed below, Defendants are or were the employers of Plaintiff, the FLSA Collective and the New York Rule 23 Class under the FLSA, 29 U.S.C. § 201, *et. seq.,* and New York

Labor Laws § 650, *et. seq.,* and § 190, *et. seq.,* and the supporting New York State Department of Labor Regulations, N.Y. Comp. Codes R. & Regs. tit. 12, § 137-1.1,, *et. seq.*

23.    As detailed below, Defendants are Plaintiff's employers in the restaurant industry under New York Labor Laws and the supporting New York State Department of Labor Regulations, including but not limited N.Y. Comp. Codes R. & Regs. tit. 12, § 137-3.1.

24.    Defendants employed Plaintiff, K. AE HAN, similarly situated individuals, and members of the New York Rule 23 Class at all times relevant to this Complaint.

## JURISDICTION AND VENUE

25.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1332 and jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

26.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question, 29 U.S.C. § 216(b).

27.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d) because this action is a class action with an amount in controversy over $5,000,000, exclusive of interest and costs and at least one member from the plaintiff class is a citizen of a State different from at least one Defendant.

28.    Venue in the Southern District of New York is proper pursuant to 28 U.S.C. § 1391 because Defendants JAY-JAY CABARET, INC., AAM HOLDING CORP., and 59 MURRAY ENTERPRISES, INC., reside in this District. Venue in the Southern District of New York is also proper because a substantial part of the events or omissions giving rise to the claim occurred in the Southern District of New York.

## FACTUAL ALLEGATIONS

### I.   FACTS ESTABLISHING EACH DEFENDANT IS A COVERED ENTITY UNDER FEDERAL AND NEW YORK LAW

29.    Plaintiff, K. AE HAN, on behalf of herself and all others similarly situated, and the proposed New York Rule 23 Class re-alleges and incorporates by reference the above paragraphs as set forth herein.

30.    Each of JAY-JAY CABARET, INC., AAM HOLDING CORP., and 59 MURRAY ENTERPRISES, INC.'s annual gross volume of sales made or business done is not less than $500,000. Defendants, JAY-JAY CABARET, INC., AAM HOLDING CORP., 59 MURRAY ENTERPRISES, INC., MARSHA LIPSITZ, ALLISON THALER, LYNN LEPOFSKY, ANITA MICELI, and BARRY LIPSITZ, also all operate in interstate commerce, by selling liquor at their clubs which has traveled in interstate commerce.

31.    Though not the primary purpose of their business, Defendants engage in restaurant operations at their New York clubs by serving food and beverage to their patrons. Defendants are Plaintiff's employers in the restaurant industry under New York Labor Laws and the supporting New York State Department of Labor Regulations, including but not limited N.Y. Comp. Codes R. & Regs. fit. 12, § 137-3.1.

32.    The minimum wage provisions of the N.Y. Lab. Laws, § 650, *et, seq.,* and the supporting New York State Department of Labor Regulations, N.Y. Comp. Codes R. & Regs tit. 12, § 137-1.1., *et. seq.,* apply to Defendants and protect the Class Representative and members of the New York Rule 23 Class because, for reasons set forth herein, Defendants constitute employers under New York's minimum wage law and Plaintiff, similarly situated employees and members of the New York Rule 23 Class constitute employees.

7

## II.   FACTS ESTABLISHING MINIMUM WAGE VIOLATIONS UNDER STATE AND FEDERAL LAW

33.    Plaintiff, K. AE HAN, on behalf of herself and all others similarly situated, and the proposed New York Rule 23 Class re-alleges and incorporates by reference the above paragraphs as set forth herein.

34.    Plaintiff, K. AE HAN, others similarly situated, and members of the New York Rule 23 Class have not been paid the minimum wage by Defendants.

35.    Defendants paid Plaintiff, K. AE HAN, others similarly situated, and members of the New York Rule 23 Class no wages.

36.    Plaintiff, K. AE HAN, others similarly situated, and members of the New York Rule 23 Class earn money at Defendants' clubs through tips from the clubs' customers for dances performed on stage or personal dances (i.e., a lap dance or table dance) in the general area of the clubs or in semi-private rooms.

37.    Defendants set the prices of personal dances at $20.

38.    Customers tipped Plaintiff, K. AE HAN, others similarly situated, and members of the New York Rule 23 Class in cash or using dance dollars issued at Defendants' clubs.

39.    Plaintiff, K. AE HAN, others similarly situated, and members of the New York Rule 23 Class did not receive a regular hourly wage for their work for Defendants. Plaintiff, K. AE HAN, others similarly situated, and members of the New York Rule 23 Class did not receive a salary or any other kind of piece rate compensation for their work for Defendants.

40.    Plaintiff, K. AE HAN, others similarly situated, and members of the New York Rule 23 Class never received a pay check from Defendants, nor did they receive notice of any kind that Defendants were taking a tip credit that complied with the FLSA and the New York Labor Law.  Plaintiff, K. AE HAN, others similarly situated, and members of the New York Rule

23 Class were never informed what the tip credit was nor were they informed as to the amount of the allowance taken for each pay period.

41.     If Plaintiff, K. AE HAN, others similarly situated, and members of the New York Rule 23 Class did not receive cash or dance dollars from customers, they would not be paid any amount whatsoever for the time they spent working for Defendants.

## III.   FACTS ESTABLISHING ALL DEFENDANTS OPERATE AS A JOINT EMPLOYER OF PLAINTIFFS AND THAT PLAINTIFFS, THOSE SIMILARLY SITUATED, AND MEMBERS OF THE PROPOSED NEW YORK RULE 23 CLASS ARE EMPLOYEES OF DEFENDANTS AND NOT INDEPENDENT CONTRACTORS

42.     Plaintiff, K. AE HAN, on behalf of herself and all others similarly situated, and the proposed New York Rule 23 Class re-alleges and incorporates by reference the above paragraphs as set forth herein.

43.     Plaintiff, K. AE HAN, worked at all three of the nightclubs operated by Defendants. Depending on staffing, she would be shifted to different nightclubs. Other entertainers also worked at Flashdancers, Private Eyes and New York Dolls interchangeably. Her regular schedule was three nights a week from 7:45 p.m. to 4 a.m. Her schedule was determined by Defendants on a weekly basis.

44.     Defendants advertised all three nightclubs: Flashdancers, Private Eyes and New York Dolls simultaneously in their advertising campaigns. Advertisements on cabs and flyers would contain references to two or all three of the nightclubs. The business cards located on premises of the nightclubs contains references to all three nightclubs.

45.     Plaintiff, K. AE HAN, others similarly situated, and members of the New York Rule 23 Class and FLSA collective have all been improperly classified by Defendants as independent contractors. In actuality, they are employees.

46.     Defendants willfully and unlawfully classify all their workers who are employed as entertainers as independent contractors.

9

47.    Defendants exercised a great degree of control over Plaintiff, K. AE HAN, those similarly situated, and members of the proposed New York Rule 23 Class.

48.    The primary job duties of Plaintiff, K. AE HAN, those similarly situated, and the proposed New York Rule 23 Class consisted of dancing on stage during the stage rotation, performing personal dances (also called "lap dances" or "private dances") for customers, and spending time with customers in semi-private rooms.

49.    Defendants required Plaintiff, K. AE HAN, those similarly situated, and the proposed New York Rule 23 Class to dance on stage according to a stage rotation established by the disc jockey ("DJ" ). Entertainers were put into the stage rotation and were required to dance at the time their name was called. Each stage dance was required to last for a specified number of songs. Entertainers were told how much clothing to remove during each song.  When Plaintiff, K. AE HAN, heard her stage name, "KIOKI," called, she had to immediately proceed to the designated stage.

50.    Plaintiff, K. AE HAN, those similarly situated, and the proposed New York Rule 23 Class were not allowed to choose the songs that were played while they were dancing on stage.

51.    Defendants set the price of personal dances. The price was the same for a personal dance regardless of which entertainer performed the dance. Plaintiff, K. AE HAN, those similarly situated, and the proposed New York Rule 23 Class were not allowed to charge a different price for a personal dance than the price established by Defendants. Plaintiffs were not allowed to choose the song that played during personal dances.

52.    Plaintiff, K. AE HAN, those similarly situated, and the proposed New York Rule 23 Class were required to charge customers $20 for a personal dance. If a customer did not want to pay for the dance using U.S. currency, entertainers were required by Defendants to allow the customer to pay for the dance using one "dance dollar."

53.     Dance dollars are coupons issued by Defendants to customers.  Defendants charge a premium for each dance dollar issued.  At the end of each shift, Plaintiff, K. AE HAN, those similarly situated, and the proposed New York Rule 23 Class were paid $16 in cash by Defendants for each $20 face value of the dance dollars they cashed in.

54.     As entertainers, Plaintiff, K. AE HAN, those similarly situated, and the proposed New York Rule 23 Class spent time in private rooms with customers. The price paid for time in private rooms was set by Defendants and was the same regardless of which entertainer was spending time in the private room with the customer(s).

55.     Plaintiff, K. AE HAN, those similarly situated, and the proposed New York Rule 23 Class were required to show up for work at a specific time, and to make up a schedule in advance. If entertainers came to work late, they were charged a fee.

56.     Entertainers were required to pay a shift fee each night they worked, unless the fee was waived for some reason. Managers, and not entertainers, made the decision about whether a fee would be waived on a given night.

57.     In addition to the shift fees entertainers paid, they were also required to pay the DJ a monetary fee each night that they worked.  Entertainers were also required to pay a nightly fee to the dressing room attendant.

58.     Defendants were in charge of all advertising for the clubs.

59.     Plaintiff, K. AE HAN, did not contribute money towards maintaining Defendants' club premises or otherwise provide facilities at the club.

60.     Plaintiff, K. AE HAN, was not a shareholder or officer of Defendants.

61.     Plaintiff, K. AE HAN, those similarly situated, and members of the proposed New York Rule 23 Class are dependent on customers' tips, making their opportunity for profit or loss a

11

function of how much money customers have and are willing to spend and how much money Defendants required entertainers to pay in order to work.

62.     Defendants do not require that entertainers at their club have dance training or experience working as entertainers at other clubs.

63.     Defendants require entertainers to audition in order to be hired; however, an entertainer's physical appearance and not any level of dance, performance, or sales skill determined their suitability to perform at Defendants' clubs.

64.     Entertainers are hired to work for an indefinite period for Defendants

65.     Defendants' business primary purpose is to give customers the opportunity to see women nude or in various states of undress. Entertainers performed at Defendants' clubs, using Defendants' stages and semiprivate rooms.

66.     Entertainers were required to dance to music provided and chosen by Defendants.

67.     Entertainers were not allowed to hire subcontractors to perform their duties for them. The right to dance as an entertainer at Defendants' club was a personal right, and only people who were hired by Defendants' managerial staff were allowed to perform at Defendants' clubs.


## IV.   FACTS ESTABLISHING UNLAWFUL DEDUCTIONS AND KICKBACKS CLAIMS UNDER NEW YORK LAW

68.     Plaintiff, K. AE HAN, on behalf of herself and all others similarly situated, and the proposed New York Rule 23 Class re-alleges and incorporates by reference the above paragraphs as set forth herein.

69.     Plaintiff, K. AE HAN, others similarly situated, and members of the New York Rule 23 Class are required to pay a "shift fee" for shift that they work. Such shift fee was $160.

70.     Each night that she work, Plaintiff, K. AE HAN, others similarly situated, and members of the New York Rule 23 Class are required to pay the disc jockey $20 and the dressing room attendant $10 to $15.

71.     If Plaintiff, K. AE HAN, others similarly situated, and members of the New York Rule 23 Class were late to a shift, they were required to pay a $25 penalty for every half hour that they were late. This amount was paid to management.

72.     Plaintiff, K. AE HAN, others similarly situated, and members of the New York Rule 23 Class understood that they would not be allowed to work if they did not pay Defendants the required fees.

73.     Plaintiff, K. AE HAN, others similarly situated, and members of the New York Rule 23 Class paid shift fees, along with other charges and fees based upon statements or representations from Defendants, Defendants' managers and understandings common to entertainers as a result of working for Defendants that failure to comply with Defendants' request or demand would prevent them from procuring or retaining employment with Defendants.

74.     Defendants have demanded and received payments from Plaintiff, K. AE HAN, others similarly situated, and members of the New York Rule 23 Class by requiring them to pay to Defendants a "shift fee" as well as other charges and fees, including late fees.

## V.    FACTS ESTABLISHING RETENTION OF GRATUITIES

75.     Plaintiff, K. AE HAN, on behalf of herself and all others similarly situated, and the proposed New York Rule 23 Class re-alleges and incorporates by reference the above paragraphs as set forth herein.

76.     Patrons of Defendants' clubs are charged a premium over the face value for each dance dollar purchased even though dance dollars bear the word "twenty" or "20" on their face. Customers are told that the amount in excess of $20 charged is a "service fee "

77.     Patrons of Defendants' clubs provide entertainers with dance dollars in exchange for dances or as additional tips.

78.     At the end of every shift, Defendants do not exchange entertainers' dance dollars for U.S. currency in the amount shown on the face of the dance dollar.

79.     Defendants exchange $16 U.S. currency for each $20 in face value of dance dollar turned in by an entertainer. Guests are not informed that the entertainer will receive only $16.00 for the $20 face value of the dance dollars.

80.     Plaintiff, K. AE HAN, and others similarly situated, and members of the New York Rule 23 class have all received gratuities from Defendants' patrons in the form of dance dollars within the relevant statutory period.

81.     Dance dollars were routinely used for tipping entertainers above the amount of the stated dance price.

82.     The manner in which dances were provided to, paid for and used by customers as payments for dances and gratuities to entertainers, all yield the conclusion that dance dollars constitute tips and gratuities within the meaning of New York and federal law.

83.     Defendants have demanded and accepted gratuities received Plaintiff, K. AE HAN, and members of the New York Rule 23 Class through the club's policies with respect to dance dollars, through not redeeming dance dollars at their face value to entertainers, the imposition of shift fees, payments to DJ and dressing room attendant, and penalties and fines for lateness and other misconduct.

14

## FLSA COLLECTIVE ALLEGATIONS

84.     Plaintiff, K. AE HAN, on behalf of herself and all others similarly situated, re-alleges and incorporates by reference the above paragraphs as set forth herein.

85.     Plaintiff, K. AE HAN, brings the First Claim for Relief on behalf of: "all persons who worked as 'entertainers' at any adult entertainment nightclub owned by Defendants at any time three years prior to the filing of this Complaint to the entry of judgment in this case."

86.     Plaintiff, K. AE HAN, and the FLSA Collective are victims of Defendant's widespread, repeated, and consistent illegal policies that have resulted in violations of their rights under the FLSA, 29 U.S.C. § 201 *et. seq.,* and that have caused significant damage to Plaintiff, K. AE HAN,  and the FLSA Collective.

87.     Defendants have willfully engaged in a pattern of violating the FLSA, 29 U.S.C. § 201 *et seq.* as described in this Complaint in ways including, but not limited to, failing to pay employees a minimum wage.

88.     Defendants are liable under the FLSA for failing to properly compensate Plaintiff, K. AE HAN, and the  FLSA Collective, and, as such, notice should be send to the FLSA Collective. There are numerous similarly situated current and former employees of Defendants who have suffered from the common policies and plans of Defendants, including being denied a minimum wage, and who would benefit from the issuance of a Court supervised notice of the present lawsuit and the opportunity to join in the present lawsuit. Those similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.

## NEW YORK RULE 23 CLASS ALLEGATIONS

89.     Class Representative, K. AE HAN, on behalf of herself and all members of the proposed New York Rule 23 Class, re-alleges and incorporates by reference the above

paragraphs as set forth herein Class Representative brings the remaining Claims for Relief on behalf of herself and as a class action pursuant to Rule 23(a) and (b) of the Federal Rules of Civil Procedure. The New York Rule 23 Class is defined as: "all persons who worked for Defendants as an 'entertainer' at any time six years prior to the filing of this Complaint to the entry of judgment in the case."

90.     The persons in the New York Rule 23 Class are so numerous that joinder of all members of the New York Rule 23 Class is impracticable. While the precise number of class members has not been determined at this time, upon information and belief, Defendants have employed in excess of forty (40) individuals as entertainers during the applicable statute of limitations. In fact, Plaintiff, K. AE HAN, alleges that on each night, there are at least forty entertainers working at Flashdancers alone. The Class Representative and members of the New York Rule 23 Class have been equally affected by Defendants' violations of law.

91.     There are questions of law and fact common to the New York Rule 23 Class that predominate over any questions solely affecting individual members of the Class, including but not limited to:

> a.     Whether the Defendants properly classified the Class Representative and members of  the New York Rule 23 Class as independent contractors under N.Y. Lab. Laws § 650, *et. seq, § 190 et. seq.,* and the supporting New York State Department of Labor Regulations, N.Y. Comp Codes R. & Regs. tit. 12, § 137-1.1., *et. seq.;*
>
> b. Whether the Defendants failed to pay the Class Representative and members of the New York Rule 23 Class a minimum wage in violation of N.Y. Lab. Law § 650, *et. seq.,* and the supporting New York State Department of Labor Regulations, N.Y. Comp. Codes R. & Regs. tit. 12, § 137-1.1., *et. seq.;*
>
> c. Whether the Defendants unlawfully requested, demanded, and received wages in violation of N.Y. Lab. Law § 198-b and the supporting New York State Department of Labor Regulations, N.Y. Comp. Codes R. & Regs. tit. 12, § 137-1.1., *et. seq.;*

d. Whether the Defendants unlawfully demanded and accepted gratuities and retained a part of gratuities or charges purported to be gratuities in violation of N.Y. Lab. Law § 196-d and the supporting New York State Department of Labor Regulations, N.Y. Comp. Codes R. & Regs. tit. 12, § 137-1.1 *et seq;*

e. Whether the Defendants unlawfully deducted employee wages through fines and penalties for lateness and misconduct in violation of N.Y. Lab. Law § 193 and the supporting New York State Department of Labor Regulations, including but not limited to N.Y. Comp. Codes R. & Regs. tit. 12, § 137-2.54

f. Whether the Defendants' foregoing conduct constitutes a willful violation of N.Y. Lab. Laws § 650, *et. seq.* and § 190, *et. seq.,* and the supporting New York State Department of Labor Regulations, N.Y. Comp. Codes R. & Regs. tit. 12, § 137-1.1., *et. seq.;*

g. The proper measure of damages sustained by the New York Rule 23 Class; and

h. Whether the Defendants should be enjoined from such violations in the future.

92.    The Class Representative's claims are typical of those of the members of the New York Rule 23 Class. The Class Representative, like the other members of the New York Rule 23 Class, was subjected to Defendants' policies and willful practices of refusing to pay a minimum wage; unlawfully requesting, demanding, and receiving wages; unlawfully demanding and accepting gratuities and retaining a part of gratuities or charges purported to be gratuities; and unlawfully deducting employees wages through fines and penalties for lateness and misconduct. The Class Representative and members of the New York Rule 23 Class have sustained similar injuries as a result of the Defendants' actions.

93.    The Class Representative will fairly and adequately protect the interests of the New York Rule 23 Class. The Class Representative has retained counsel experienced in complex wage and hour class and collective action litigation. There are no conflicts between the Class Representative and the class she seeks to represent.

94.     This action is properly maintainable as a class action under Fed R. Civ. P. 23 (b)(1), 23 (b)(2) and 23(b)(3).

95.     This action is properly maintainable as a class action under Fed. R. Civ. P. 23(b)(1) because prosecuting separate actions by individual class members would create a risk of inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the Defendants

96.     This action is properly maintainable as a class action under Fed. R. Civ. P. 23(b)(2) because Defendants have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

97.     This action is properly maintainable as a class action under Fed. R. Civ. P. 23(b)(3) because questions of law or fact predominate over any questions affecting individual class members, and a class action is superior to other methods in order to ensure a fair and efficient adjudication of this controversy because in the context of wage and hour litigation, individual plaintiffs lack the financial resources to vigorously prosecute separate lawsuits in federal court against large corporate defendants. Class litigation is also superior because it will preclude the need for unduly duplicative litigation resulting in inconsistent judgments pertaining to the Defendants' policies. Certification under Fed. R. Civ. P. 23(b)(3) is also appropriate because Plaintiff intends to seek certification of an "opt-out" class for damages purposes which will allow class members who wish to seek liquidated damages under New York law (which are disavowed by Named Plaintiffs and for the Class) to do so. There do not appear to be any difficulties in managing this class action.

98.     The Class Representative intends to send notice to all members of the New York Rule 23 Class to the extent required by Fed. R. Civ. P. 23.

## CAUSES OF ACTION

### FIRST CLAIM FOR RELIEF—MINIMUM WAGE
### FAIR LABOR STANDARDS ACT, 29 U.S.C. § 201, *ET. SEQ.*
### *ON BEHALF OF PLAINTIFF, K. AE HAN, AND THE FLSA COLLECTIVE CLASS*

99.     Plaintiff, K. AE HAN, on behalf of herself and the FLSA Collective, hereby repeats, re-alleges, and incorporates by reference the forgoing paragraphs of this Complaint.

100.    This claim arises from Defendants' willful violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et. seq.,* for failure to pay a minimum wage to Plaintiff, K. AE HAN, and members of the FLSA Collective to which they were entitled.

101.    At all times relevant, Defendants have been, and continue to be, an "employer" engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 201, *et. seq.* At all times relevant, Defendants have employed and continue to employ, employees, including Plaintiff, K. AE HAN, and each of the FLSA Collective, who engage or engaged in commerce or in the production of goods for commerce. At all times relevant, upon information and belief, Defendants, JAY-JAY CABARET, INC., AAM HOLDING CORP., 59 MURRAY ENTERPRISES, INC., each has had an annual gross volume of sales made or business done in excess of $500,000.00.

102.    The minimum wage provisions of the FLSA, 29 U.S.C. § 201, *et. seq.,* apply to Defendants and protect Plaintiff, K. AE HAN, and the FLSA Collective.

103.    Plaintiff, K. AE HAN, has consented in writing to be a part of this action, pursuant to 29 U.S.C. § 216(b). As this case proceeds, it is likely that other individuals will sign consent forms and join as plaintiffs.

104.   Pursuant to the FLSA, 29 U.S.C. § 206, Plaintiff, K. AE HAN, and the FLSA Collective were entitled to be compensated at a rate of $5.15 per hour before July 24, 2007; $5.85 per hour from July 24, 2007 to July 23, 2008; $6.55 per hour beginning July 24, 2008; and $7.25 beginning July 24, 2009.

105.   Defendants were not allowed to avail themselves of the federal tipped minimum wage rate under the FLSA, 29 U.S.C. § 201, *et. seq.*

106.   Defendants, pursuant to their policies and practices, refused and failed to pay a minimum wage to Plaintiff, K. AE HAN, and the FLSA Collective.

107.   By failing to compensate Plaintiff, K. AE HAN, and the FLSA Collective, Defendants violated, and continue to violate, their statutory rights under FLSA, 29 U.S.C. § 206.

108.   The forgoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255.

109.   Plaintiff, K. AE HAN, on behalf of herself and the FLSA Collective, seeks damages in the amount of their respective unpaid wages, liquidated damages as provided under the FLSA, 29 U.S.C. § 216(b), interest, and such other legal and equitable relief as the Court deems proper.

110.   Plaintiff, K. AE HAN, on behalf of herself and the FLSA Collective, seeks recovery of attorney's fees and costs to be paid by Defendants as provided by the FLSA, 29 U.S.C. § 216(b).

### SECOND CLAIM FOR RELIEF-MINIMUM WAGES
### NEW YORK LABOR LAWS, § 650, *ET. SEQ.* AND THE SUPPORTING NEW YORK STATE DEPARTMENT OF LABOR REGULATIONS, N.Y. COMP. CODES R. & REGS. TIT. 12, § 137-1.1., *ET. SEQ.*
### *ON BEHALF OF CLASS REPRESENTATIVE, K. AE HAN, AND MEMBERS OF THE NEW YORK RULE 23 CLASS*

111.   The Class Representative, K. AE HAN, on behalf of herself and all members of the New York Rule 23 Class, hereby repeats, re-alleges, and incorporates by reference the forgoing paragraphs of this Complaint.

112.    This claim arises from Defendants' willful violation of NY. Lab. Law § 650, *et. seq.*, and the supporting New York State Department of Labor Regulations, N.Y. Comp. Codes R. & Regs. tit. 12, § 137-1.1., *et. seq.,* for failure to pay a minimum wage to the Class Representative and the members of the New York Rule 23 Class to which they were entitled.

113.    The minimum wage provisions of the N.Y. Lab. Laws, § 650, *et. seq.,* and the supporting New York State Department of Labor Regulations, N.Y. Comp. Codes R. & Regs. tit. 12, § 137-1.1., *et. seq.,* apply to Defendants and protect the Class Representative and members of the New York Rule 23 Class.

114.    Pursuant to N.Y. Lab. Laws § 650, *et. seq.,* and the supporting New York State Department  of Labor Regulations, N.Y. Comp. Codes R. & Regs. Tit., 12 § 137-1.1., *et. seq.,* Defendants  were required to pay the Class Representative and members of the New York Rule 23 Class a minimum wage of (a) $5.15 per hour for all hours worked from March 31, 2000 through December 31, 2004; (b) $6.00 per hour for all hours worked from January 1, 2005 through December 31, 2005; (c) $6.75 per hour for all hours worked from January 1, 2006 through December 31, 2006; (d) $7.15 per hour for all hours worked from January 1, 2007 through July 23, 2009; (e) $7.25 per hour for all hours worked from July 24, 2009 through the present date.

115.    Defendants  pursuant to their policies and practices, refused and failed to pay a minimum wage to the Class Representative and the members of the New York Rule 23 Class.

116.    By failing to pay a minimum wage to the Class Representative and members of the New York Rule 23 Class, Defendants  violated, and continue to violate, their statutory rights under N.Y. Lab. Laws § 650, *et, seq.,* and the supporting New York State Department of Labor Regulations, N.Y. Comp. Cedes R. & Regs. fit. 12, § 137-1.1., *et. seg.*

117.    The forgoing conduct, as alleged, constitutes a willful violation of the N.Y. Lab. Laws § 650, *et. seq.* and the supporting New York State Department of Labor Regulations, N.Y. Comp. Codes R. & Regs. tit. 12, § 137-1.1., *et_ seq.*

118.    Class Representative, on behalf of herself and the members of the New York Rule 23 Class, seeks damages in the amount of their respective unpaid wages, reasonable attorney's fees and costs of the action, liquidated damages as provided under N.Y. Lab. Law § 663, interest, and such other legal and equitable relief as the Court deems proper.

**THIRD CLAIM FOR RELIEF-UNLAWFUL "KICK-BACK" OF WAGES NEW YORK LABOR LAWS § 1911, *ET. SEQ.*, AND THE SUPPORTING NEW YORK STATE DEPARTMENT OF LABOR REGULATIONS, N.Y. COMP. CODES R. & REGS. TIT. 12, § 137-L.1., *ET. SEQ.* ON BEHALF OF CLASS REPRESENTATIVE, K. AE HAN, AND MEMBERS OF THE NEW YORK RULE 23 CLASS**

119.    The Class Representative, on behalf of herself and all members of the New York Rule 23 Class, hereby repeats, re-alleges, and incorporates by reference the forgoing paragraphs of this Complaint.

120.    This claim arises from Defendants' willful violation of N.Y. Lab. Law § 198-b and the supporting New York State Department of Labor Regulations, N.Y. Comp. Codes R. & Regs. tit. 12, § 137-1.1., *et, seq.,* for unlawfully requesting, demanding and receiving a part of the Class Representative and members of the New York Rule 23 Class' wages, supplements, or other things of value, upon the statement, representation, or understanding that failure to comply with such request or demand would prevent the Class Representative and members of the New York Rule 23 Class from procuring or retaining employment.

121.    The N.Y. Lab. Laws, § 190, *et. seq.,* and the supporting New York State Department of Labor Regulations, N.Y. Comp. Codes R. & Regs. tit. 12, § 137-1.1., *et. seq.,* apply to Defendants and protect the Class Representative and members of the New York Rule 23 Class.

22

122.    Pursuant to N.Y. Lab. Law § 198-b and the supporting New York State Department of Labor Regulations, N.Y. Comp. Codes R. & Regs. tit. 12, § 137-1.1., *et. seq.*, Defendants were prohibited from requesting, demanding, or receiving, either before or after an employee is engaged, a return, donation, or contribution of any part or all of the employee's wages, salary, supplements, or other thing of value, upon the statement, representation, or understanding that failure to comply with such request or demand will prevent such employee from procuring or retaining employment.

123.    Defendants pursuant to their policies and practices, unlawfully requested, demanded or received a return, donation, or contribution of a part of the Class Representative and members of the New York Rule 23 Class' wages, supplements, or other things of value, upon the statement, representation, or understanding that failure to comply with such request or demand would prevent the Class Representative and members of the New York Rule 23 Class from procuring or retaining employment, in violation of N.Y. Lab. Law § 198-b and the supporting New York State Department of Labor Regulations, N.Y. Comp. Codes R. & Regs. tit. 12, § 137-1.1., *et. seq.*

124.    The forgoing conduct, as alleged, constitutes a willful violation of the N.Y. Lab. Laws § 190, *et. seq.,* and the supporting New York State Department of Labor Regulations, N.Y. Comp. Codes R. & Regs. tit. 12, §137-1.1., *et. seq.*

125.    Class Representative, on behalf of herself and the members of the New York Rule 23 Class, seek damages in the amount of their respective unpaid wages, liquidated damages as provided under N.Y. Lab. Law § 198, pre- and post-judgment interest, costs and attorneys fees, and such other legal and equitable relief as the Court deems proper.

126.    Class Representative, on behalf of herself and the New York Rule 23 Class, seek recovery of reasonable attorney's fees to be paid by Defendants as provided by N.Y. Lab. Law § 198.

### FOURTH CLAIM FOR RELIEF-UNLAWFULLY DEMANDING, ACCEPTING AND RETAINING GRATUITIES
### NEW YORK LABOR LAW § 196-d AND THE SUPPORTING NEW YORK STATE DEPARTMENT OF LABOR REGULATIONS, N.Y. COMP. CODES R. & REGS. TIT. 12, § 1374.1, *ET. SEQ.*
### *ON BEHALF OF CLASS REPRESENTATIVE, K. AE HAN, AND MEMBERS OF THE NEW YORK RULE 23 CLASS*

127.    The Class Representative, on behalf of herself and all members of the New York Rule 23 Class, hereby repeats, re-alleges, and incorporates by reference the forgoing paragraphs of this Complaint.

128.    This claim arises from Defendants' willful violation of N.Y. Lab. Law § 196-d and the supporting New York State Department of Labor Regulations, N.Y. Comp. Codes R. & Regs. tit. 12, § 137-1.1., *et. seq.,* for unlawfully demanding or accepting gratuities and retaining a part of gratuities or charges purported to be gratuities from the Class Representative and members of the New York Rule 23 Class.

129.    Pursuant to N.Y. Lab. Law § 196-d and the supporting New York State Department of Labor Regulations, N.Y. Comp. Codes R. & Regs. fit. 12, § 137- 1 _I., *et. seq.,* Defendants were prohibited from demanding or accepting, directly or indirectly, any part of the gratuities, received by an employee, or retaining any part of a gratuity or of any charge purported to be a gratuity for an employee.

130.    Defendants, pursuant to their policies and practices, unlawfully demanded or accepted gratuities or retained a part of gratuities or charges purported to be gratuities from the Class Representative and members of the New York Rule 23 Class, in violation of N.Y. Lab. Law §

196-d and the supporting New York State Department of Labor Regulations, N.Y. Comp Codes R. & Regs. tit. 12, § 137-1.1., *et. seq.*

131.     During the time relevant, Defendants have unlawfully demanded or accepted gratuities or retained a part of gratuities or charges purported to be gratuities from the Class Representative and members of the New York Rule 23 Class by denying them the full value of the dance dollars given to them as gratuities by customers in violation of N.Y. Lab. Law § 196-d, and the supporting New York State Department of Labor Regulations, N. Y. Comp. Codes R. & Regs. tit 12, § 137-1.1. *et. seq.*

132.     The forgoing conduct, as alleged, constitutes a willful violation of N.Y. Lab. Laws § 190, *et. seq.,* and the supporting New York State Department of Labor Regulations, N.Y. Comp. Codes R. & Regs. Tit., 12 § 137-1.1., *et. seq.*

133.     Class Representative, on behalf of herself and members of the New York Rule 23 Class, seek damages in the amount of their respective unpaid wages, liquidated damages as provided under N.Y. Lab. Law § 198, pre- and post-judgment interest, and such other legal and equitable relief as the Court deems proper.

134.     Class Representative, on behalf of herself and the New York Rule 23 Class, seek recovery of reasonable attorney's fees to be paid by Defendants, as provided by N.Y. Lab. Law § 198.

**FIFTH CLAIM FOR RELIEF-DEDUCTING WAGES**
**NEW YORK LABOR LAW § 193 AND THE SUPPORTING NEW YORK STATE**
**DEPARTMENT OF LABOR REGULATIONS, INCLUDING BUT NOT LIMITED TO**
**N.Y. COMP. CODES R. & REGS. TIT. 12, § 137-2.5.**
*ON BEHALF OF CLASS REPRESENTATIVE, K. AE HAN, AND MEMBERS*
*OF THE NEW YORK RULE 23 CLASS*

135.    The Class Representative, on behalf of herself and all members of the New York Rule 23 Class, hereby repeats, re-alleges, and incorporates by reference the forgoing paragraphs of this Complaint.

136.    This claim arises from Defendants' willful violation of N.Y. Lab. Law § 193 and the supporting New York State Department of Labor Regulations, including but not limited to N.Y. Comp. Codes R. & Regs. tit. 12, § 137-2.5., for unlawfully deducting wages by imposing fines or penalties for lateness or misconduct, by reducing the minimum wage by expenses incurred by the Class Representative and members of the New York Rule 23 Class in carrying out duties assigned by the Defendants, and by requiring Class Representative and members of the New York Rule 23 Class to make payments by separate transactions.

137.    Pursuant to N.Y. Lab. Law § 193 and the supporting New York State Department of Labor Regulations, including but not limited to N.Y. Comp. Codes R. & Regs. tit. 12, § 137- 2.5., Defendants were prohibited from deducting wages, including deductions consisting of fines or penalties for lateness or misconduct. Defendants were further prohibited from reducing the minimum wage by expenses incurred by an employee in carrying out duties assigned by their employer. Defendants were further prohibited from requiring Class Representative and members of the New York Rule 23 Class to make payments by separate transaction.

138.    Defendants, pursuant to their policies and practices, unlawfully deducted the wages of Class Representative and members of the New York Rule 23 Class by imposing fines or penalties for lateness or misconduct, in violation of N.Y. Lab. Law § 193 and the supporting New York State

Department of Labor Regulations, including but not limited to N.Y. Comp. Codes R. & Regs. tit. 12, § 137-2.5.

139.    Defendants, pursuant to their policies and practices, unlawfully reduced the minimum wages of Class Representative and members of the New York Rule 23 Class by expenses incurred by the Class Representative and members of the New York Rule 23 Class in carrying out the duties assigned by the Defendants, in violation of N.Y. Lab. Law § 193 and the supporting New York State Department of Labor Regulations, including but not limited to N.Y. Comp. Codes R. & Regs. tit. 12, § 137-2.5.

140.    Defendants, pursuant to their policies and practices, unlawfully required Class Representative and members of the New York Rule 23 Class to make payments by separate transactions, in violation of N.Y. Lab. Law § 193 and the supporting New York State Department of Labor Regulations, including but not limited to N.Y. Comp. Codes R. & Regs. tit. 12, § 137-2.5.

141.    The forgoing conduct, as alleged, constitutes a willful violation of N.Y. Lab. Laws § 190, *et. seq.,* and the supporting New York State Department of Labor Regulations, N.Y. Comp. Codes R. & Regs. tit. 12, § 137-1,1., *et seq.*

142.    Class Representative, on behalf of herself and members of the New York Rule 23 Class, seek damages in the amount of their respective unpaid wages, liquidated damages as provided under N.Y. Lab. Law § 198, pre- and post-judgment interest and such other legal and equitable relief as the Court deems proper.

143.    Class Representative, on behalf of herself and the New York Rule 23 Class, seek recovery of reasonable attorney's fees to be paid by Defendants, as provided by N.Y. Lab. Law § 198,

## PRAYER FOR RELIEF

WHEREFORE, K. AE HAN, on behalf of herself and the FLSA Collective, pray for

judgment against Defendants as follows:

1.  Designation of this action as a collective action on behalf of the FLSA Collective and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA Collective apprising them of the pendency of this action by filing individual consent forms pursuant to 29 U.S.C. § 216(b);

2.  That Plaintiff, K. AE HAN, and the FLSA Collective be determined and adjudicated as "employees" under the FLSA;

3.  That the practices of Defendants be determined and adjudicated as violations of the FLSA, 29 U.S.C. § 201, *et. seq*;

4.  That the practices of Defendants constitute willful violations of the FLSA, 29 U.S.C. § 201, *et. seq.*;

5.  Judgment against Defendants for an amount equal to Plaintiff, K. AE HAN, and the FLSA Collective's unpaid wages pursuant to the FLSA, 29 U.S.C. § 201, *et. seq.*;

6.  Judgment against Defendants for an amount equal as liquidated damages pursuant to the FLSA, 29 U.S.C. § 201, *et. seq.*;

7.  An award of interest, costs, and attorney's fees, and all other relief available under the FLSA, 29 U S.C. § 201, *et. seq.*;

8.  Leave to add additional plaintiffs or claims by motion, the filing of written consent forms, or any other method approved by the Court; and

9.  For such further relief as the Court deems just and equitable.

WHEREFORE, Class Representative, K. AE HAN, on behalf of herself and all members

of the New York Rule 23 Class, pray for judgment against Defendants as follows:

1.  For Certification of this action as a class action pursuant to Fed. R. Civ. P. 23 on behalf of the New York Rule 23 Class and appoint Class Representative and her counsel to represent the class;

2.  A preliminary and permanent injunction against Defendants and their directors, officers, owners, agents, successors, employees and representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

28

3.      Equitable relief as permitted by law and equity, including restitution, reformation and attaching, impounding or imposing a constructive trust upon, or otherwise restricting the proceeds of Defendants' ill-gotten funds to ensure Plaintiff and the class have an effective remedy;

4.      That Class Representative and members of the New York Rule 23 Class be determined and adjudicated as "employees" under relevant state law;

5.      That the practices of Defendants be determined and adjudicated to be violations of the relevant state law;

6.      Judgment against Defendants for amounts rightly owed to Plaintiff and for liquidated damages as authorized by statute;

7.      All costs and reasonable attorney's fees incurred in prosecuting this claim to the extent allowed by law;

8.      Interest;

9.      Leave to amend this Complaint to add relevant claims and plaintiffs; and

10.     For such further legal and equitable relief as the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, the Plaintiff, similarly situated individuals, and members of the New York Rule 23 Class demand a trial by jury.

Dated: March __23__, 2011

                                Respectfully submitted,

                                KRASELNIK & LEE, PLLC
                                Robert L. Kraselnik (RK 0684)
                                C.K. Lee (CL 4086)
                                30 East 39th Street, Second Floor
                                New York, NY 10018
                                Tel.: 212-465-1188
                                Fax: 212-465-1181
                                *Attorneys for Plaintiff, all others*
                                *similarly situated and the Proposed*
                                *New York Rule 23 Class*

                                By: _____
                                      C.K. Lee (CL 4086)